THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RAFAEL ANTONMARCHI, Defendant and Appellant.

No. 10653.   Argued December 19, 1944.—Decided January 8, 1945.

*R. Hernández Matos* for appellant. *R. A. Gómez, Prosecuting At-
torney (Fiscal), and Luis Negrón Fernández, Assistant Prose-
cuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant was found guilty by the District Court of
Ponce of the crime of slander and sentenced to pay a
fine of $50. In this appeal it is alleged that the lower
court erred: (1) in dismissing the demurrer based on lack
of facts sufficient to constitute the offense charged in the
complaint, and (2) in finding the defendant guilty relying on
insufficient evidence.

In the complaint herein it was alleged that the
defendant "illegally, willfully and maliciously, at a public
meeting, uttered the following words: 'The Governor of
Puerto Rico, Rexford Guy Tugwell, sold himself with Luis
Muñoz Marín for a check for $1,835, without having worked
for it,' thus charging said Governor Rexford G. Tugwell of
Puerto Rico, falsely, maliciously and publicly, with the com-
mission of a deed punishable by law, being aware of its
falsity and tending to injure the reputation and worthiness
of said officer."

Construing the scope and applicability of §§ 1, 2, and 3 of the Act of March 9, 1911, to define and punish the crime of slander,[1] it was clearly stated by this court, since 1914, in *People* v. *Garcia*, 21 P.R.R. 155, as follows:

"The 'slanderous statement' referred to in section 3 must, of course, contain words amounting to slander within one or the other of the definitions of that term given in sections 1 and 2; otherwise it cannot be slanderous. That no utterance, however false and malicious it may be, can constitute slander under section 1 unless the commission of a deed punishable by law is charged, is not open to argument. It is equally clear that section 2 refers only to 'tales' or 'reports' and cannot by any stretch of the imagination, under any rules of construction susceptible of application in the interpretation of a penal statute, be held to include any word, or combination of words, that does not amount to a 'tale' or a 'report,' however much such word or phrase may tend to injure the honor, reputation or worthiness of a natural person or body corporate."

It is unquestionable that the complaint in the case at bar is predicated upon the first Section of the Act, since it is expressly stated therein that the words uttered by the defendant in a public meeting and which were considered as slanderous by the complaining police, charged the Governor "with the commission of a deed punishable by law." As we have seen, the words, the very gist of the complaint, are as follows: 'The Governor of Puerto Rico, Rexford Guy Tugwell, sold himself with Luis Muñoz Marín for a check of $1,835 without having worked for it.' "

We are of the opinion that these words tended to charge the commission of the crime of bribery. The general and or-

---

[1] "Section 1.—Slander is a false and malicious utterance made by word of mouth in a public manner against a natural person or a body corporate, whereby said natural person or body corporate is charged with the commission of a deed punishable by law.

"Section 2.—Slander is also a tale or report maliciously and publicly made tending to injure the honor, reputation or worthiness of a natural person or body corporate.

"Section 3.—Any slanderous statement made publicly, whether in the presence of the injured person or in his absence, shall be presumed to be malicious and shall constitute the crime of slander."

dinary meaning given to the words "sold himself" when accusing a public officer is equivalent to saying that he has been bribed.

In *People* v. *Cupril*, 57 P.R.R. 115, the words which were alleged to be slanderous when uttered by the defendant in a public meeting and addressed to a member of the Mayagüez Municipal Assembly were as follows: "That Antonio Soto had sold himself to senator Valdés for a furniture store on Libertad St." and this court held that the complaint adduced sufficient facts because the words uttered meant "that the municipal assemblyman has sold his freedom of thought and action as a member of the municipal assembly, in other words, that he has accepted a bribe."

Likewise, to charge the Governor with "having sold himself" for a certain amount of money with the President of the Senate, means that the Governor sold his freedom of thought and action as chief of the executive branch of the government; in other words, that he accepted a bribe.

Therefore, the first error assigned was not committed nor was the second, inasmuch as the evidence for the prosecution, which was believed by the lower court, is sufficient to support the facts alleged in the complaint.

The judgment appealed from must be affirmed.